IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DONALD E. HORNE, ) | |
| VICTOR A. HORNE, ) | Case No. 05-0497-CV-W-NKL |
| K.C. 1986 LIMITED PARTNERSHIP, ) | |
| DEH MERRYWOOD COMPANY, ) | |
| DONALD D. BOATRIGHT, AND, ) | |
| DeANGELO BROTHERS, INC., ) | |
| ) | |
| Defendants. ) | |

ORDER

The sole issue remaining for adjudication in this case is whether Defendant DEH Merrywood is jointly and severally liable for the debts of its Co-Defendant K.C. 1986 Limited Partnership ("K.C. 1986"). That issue is the subject of the United States' pending Motion for Summary Judgment [Doc. # 103], which the Court will grant for the reasons set forth below.

It is undisputed that K.C. 1986 is a limited partnership organized under the laws of Minnesota. It is also undisputed that DEH Merrywood is the general partner of K.C. 1986. Under Minnesota law, "all general partners are liable jointly and severally for all obligations of the limited partnership unless otherwise agreed by the claimant or provided by law." Minn. Stat. § 321.0404; *see also* Minn. Stat. § 322.09 ("A general partner shall .

1

. . be subject to all the restrictions and liabilities of a partner in a partnership without limited partners.").

The only argument raised by DEH Merrywood to thwart the imposition of joint and several liability for K.C. 1986's debts in this case is an assertion that this Court has previously held DEH Merrywood to be not liable for any share of contribution liability in *K.C. 1986 Ltd. P'ship v. Reade Mfg. Co.*, Civ. No. 02-0853 (W.D. Mo.) (the "Contribution Litigation").[1] This assertion is both incorrect and irrelevant to the pending motion. First, the Court made no finding during the Contribution Litigation that DEH was not liable. Rather, the Court made no findings as to DEH Merrywood at all because it was not asked to do so by the parties.[2] *See* January 7, 2005 Allocation Order [Doc. # 399] in the Contribution Litigation.

Secondly, even if the Court had determined that DEH Merrywood were not liable for any share of the contribution litigation, such a finding would not be binding on the United States in this case since the United States was not a party to the Contribution Litigation. See *Baker by Thomas v. GMC*, 522 U.S. 222, 238 n.11 (1998) ("In no event, . . . can issue preclusion be invoked against one who did not participate in the prior adjudication."). DEH Merrywood argues that it should be allowed to use the Allocation Order as a shield in this case because the United States used it as a sword to establish

---

[1] The Contribution Litigation is pending on appeal before the Eighth Circuit in Case No. 05-2064.

[2] Although it is unclear from the record in that case why the parties did not pursue the allocation of any share of liability against DEH Merrywood after the initial pleadings, the United States suggests that it is because all parties believed that DEH Merrywood was insolvent.

2

K.C. 1986's liability earlier in this case. However, mutuality is no longer a required element of issue preclusion and "a party may now rely on collateral estoppel even though he or she is not bound by the prior judgment if the party against whom it is used had a full and fair opportunity and incentive to litigate the issue in the prior action." *Banks v. Int'l Union Elec., Elec., Tech., Sallaried & Mach. Workers*, 390 F.3d 1049, 1054 (8th Cir. 2004) (internal quotations omitted). Moreover, because there were no findings as to DEH Merrywood in the Contribution Litigation, any issues related to its share of the contribution liability were never fully litigated to a final judgment on the merits and are therefore not subject to preclusive effect anyway. *See Sanders v. Frisby*, 736 F.2d 1230, 1232 (8th Cir. 1984) ("Collateral estoppel is appropriate when (1) the issue in the prior proceeding is identical to the issue in the present action, (2) the prior adjudication resulted in a judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication, and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.").

Ultimately, the Contribution Litigation has no bearing on the present motion except insofar as the Allocation Order in that case was the basis for establishing K.C. 1986's liability in this case. All that is relevant here is that DEH Merrywood is the general partner of K.C. 1986 and that K.C. 1986 is jointly and severally liable to the United States in this lawsuit. DEH Merrywood is therefore jointly and severally liable for any judgment against K.C. 1986 in this case.

3

Accordingly it is hereby

ORDERED that the United States' Motion for Summary Judgment as to DEH Merrywood is GRANTED. DEH Merrywood is jointly and severally liable for any judgment in the present case against K.C. 1986 Limited Partnership.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: September 22, 2006
Jefferson City, Missouri